**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff-Respondent, | § § | |
| VS. | § § | CRIMINAL ACTION NO. H-01-0204 |
| SHANNON MAYFIELD, | § § § | |
| (CIVIL ACTION NO. H-04-1380) | § | |
| Defendant-Movant. | § | |

**MEMORANDUM AND OPINION**

Shannon Mayfield filed this motion under 28 U.S.C. § 2255 to challenge his conviction and sentencing for cocaine trafficking. The government has responded and moved to dismiss or, alternatively, for summary judgment. Based on the motion and response, the record, and the applicable law, this court grants the motion and, by separate order, enters final judgment. The reasons for this ruling are set out below.

**I.    Background**

A jury convicted Mayfield for aiding and abetting the possession of cocaine with the intent to distribute it. His codefendant, Efrain Escamilla, pleaded guilty and testified against Mayfield at trial. Another separately indicted cooperating defendant, Jorge Garza, also testified against Mayfield.

Before sentencing, the government objected to the presentence report on the ground that it did not include a two-level increase in the offense level under the Sentencing

Guidelines for obstruction of justice. The court continued the sentencing hearing to allow Mayfield to respond to the objection. At the sentencing hearing, the court granted the government's objection. With the increase, the offense level was 28. With the criminal history category of II, the range was 87 to 108 months. The court imposed the sentence at the bottom of the range. Mayfield appealed, without success. He timely filed this motion under section 2255, alleging ineffective assistance of counsel on a number of grounds.

## II.     The Applicable Legal Standards

### A.     The Section 2255 Standard

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en

banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A movant is barred from raising claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *Id.* at 232 (citations omitted). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n.7, *quoted in United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 686–694, 104 S. Ct. 2052, 2064–68, 80 L. Ed. 2d 674 (1984), the Supreme Court held that a defendant claiming ineffective assistance of counsel must show that: (1) trial counsel's performance was deficient and (2) the deficient performance prejudiced the defense. Ineffective assistance of counsel is a mixed question of law and fact. *Strickland* review is highly deferential; Mayfield must overcome a strong presumption that his trial counsel's failure to challenge the sufficiency of the evidence at the close of trial, to seek specific jury findings for each element of the offense, to file a pretrial motion to suppress, and to challenge the chain of custody of the evidence, were within the limits of constitutionally-proper performance. *Id.* at 2065–66. *Strickland's* prejudice element requires Mayfield to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

**III. Analysis**

    **A. The Claim of the Failure to Move for Acquittal at the Close of the Evidence**

Mayfield asserts that his counsel's failure to renew the motion for judgment of acquittal, made at the close of the government's case in chief, at the close of the evidence, was deficient performance. The government acknowledges that this failure made the standard of review on direct appeal more difficult for Mayfield. The manifest miscarriage of justice standard applied, *see United States Delgado*, 256 F.3d 264 (5th Cir. 2001), rather than the usual standard for insufficiency of the evidence. *See United States v. Daniel*, 957 F.2d 162, 164 (5th Cir. 1992) ("The standard for evaluating the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.") (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). The government argues that the evidence was so overwhelming that, as a matter of law, the different standard of review did not affect the outcome.

The evidence at trial included the testimony of two individuals who allegedly participated in the cocaine trafficking with Mayfield; Escamilla, his codefendant, and Garza, who was separately indicted. The government also introduced cell phone records and testimony from law enforcement officers who had conducted the surveillance and made the arrests. The witnesses testified to an elaborate scheme of delivering cocaine to Mayfield and post-arrest efforts of his fiancée to obtain money from the sellers of the cocaine. Counsel for

Mayfield extensively cross-examined these cooperating witnesses.

Mayfield's defense relied heavily on testimony from Mayfield's fiancée and from Mayfield himself. Mayfield asserted that he knew Escamilla as a customer of the tire and wheel store where Mayfield worked and that Escamilla must have planted the drugs in Mayfield's car. Mayfield's fiancée testified to explain why she had attempted to locate the vehicle containing the cocaine immediately after Mayfield's arrest and why she had gone to Garza's house and left notes asking him for money. Both Mayfield and his fiancée were cross-examined extensively, using their own prior statements, as well as documents they had written. The jury was presented with a number of credibility choices. Their guilty verdict indicates that they resolved the credibility choices against Mayfield.

Assuming, without deciding, that defense counsel was deficient in not renewing the motion to dismiss at the close of the evidence, the record reveals that the evidence was sufficient to withstand the usual standard of review. Mayfield's challenge to the sufficiency of the evidence on direct appeal, as well as in this section 2255 motion, was based on a challenge to the credibility of the cooperating witnesses, Garza and Escamilla. The accomplices' testimony was consistent between the two witnesses and with corroborating evidence from other sources, including that of the officers conducting the surveillance. That evidence corroborated the cooperating witnesses' account of their relationship with Mayfield in distributing cocaine, the circumstances of their meeting on the day of the arrest, and the actions of Mayfield's fiancée after Mayfield's arrest. By contrast, Mayfield's testimony that he barely knew Escamilla, that he bumped into Escamilla on the day at issue only by chance,

5

that Escamilla put two kilos of cocaine in his car without Mayfield's knowledge, and the reasons Mayfield's fiancée went to Garza's house after Mayfield's arrest, was inconsistent with the testimony of other witnesses and inconsistent with documents and prior statements of both Mayfield and his fiancée. Whether reviewed under a manifest injustice standard or the usual standard, the evidence amply supported the jury's decision to reject Mayfield's testimony and that of his fiancée as lacking credibility.

The Fifth Circuit has held that counsel's failure to move for acquittal does not constitute ineffective assistance of counsel if the evidence is sufficient to support a conviction, because no prejudice can be shown. *See United States v. Rosalez-Orozo*, 8 F.3d 198, 199–202 (5th Cir. 1993). The record reveals a sufficient basis for the jury to find Mayfield's evidence incredible and return a guilty verdict. Mayfield cannot obtain habeas relief on this ground.

### B. The Claim of Trial Counsel's Failure to Seek Jury Findings as to Each Element of the Offense

The court gave the jury instructions based on the Fifth Circuit Pattern Jury Instructions, tailored to the case. Those instructions required the jury to find each element of each offense beyond a reasonable doubt. There is no basis to find that counsel's performance in failing to request specific findings on each element of the offense prejudiced Mayfield. *See United States v. Kimbrough*, 69 F.3d 723, 733 (5th Cir. 1995).

### C. The Claim of Trial Counsel's Failure to Move to Suppress

The evidence at trial was that the investigating officers stopped Mayfield's vehicle

6

after he had changed lanes without signalling.  The officers had followed Mayfield after he left the store where he and Escamilla were seen together and packages were transferred from Escamilla's vehicle to the vehicle that Mayfield was driving.  When Mayfield's vehicle was stopped, officers obtained Mayfield's driver's license and learned that he had an outstanding arrest warrant related to delinquent child support payments.  Mayfield was arrested based on that outstanding warrant.  Following his arrest, Mayfield signed a written consent to search the vehicle.  A search revealed a plastic bag from the store where Mayfield and Escamilla had been seen, containing a cereal box that in turn contained two kilograms of cocaine.  The box and other contents found in the bag were consistent with what officers had seen Escamilla and Mayfield carrying at the store.

   The record shows that any motion to suppress based on the initial stop would have been futile.  The record provided no basis to find that the traffic stop violated the Fourth Amendment.  Because the initial detention was valid, the request that Mayfield show his driver's license was valid.  *See United States v. Brigham*, 382 F.3d 500 (5th Cir. 2004); *United States v. Crain*, 33 F.3d 480 (5th Cir. 1994).  Once the officers found the outstanding arrest warrant, they had the right to arrest Mayfield.  The record shows no basis to find that Mayfield did not voluntarily consent to the search of the vehicle.  Moreover, the search occurred as part of an inventory of the towed vehicle, and the package was opened only after a drug-sniffing canine alerted to it.  Counsel's failure to move to suppress was neither deficient nor prejudicial and affords no basis for habeas relief.

### D.      The Claim of Trial Counsel's Failure to Challenge the "Chain of Custody"

Mayfield argues that his attorney was deficient in failing to challenge a break in the custody of the vehicle he was driving when arrested. After the arrest, the vehicle Mayfield had been driving was towed, then searched. Mayfield argues that his attorney should have challenged the time between the towing and the search as "unaccounted" and use it to invalidate the search.

The record includes testimony from Escamilla, the arresting officer, the tow truck driver, and the special agent present at the time of the search of the vehicle after it had been towed. The evidence was sufficient to show chain of custody. *See United States v. Bermea,* 30 F.3d 1539, 1574 (5th Cir. 1994).

### III.   Conclusion

Mayfield has shown no basis for the relief he seeks. The motion filed under section 2255 is dismissed. Final judgment will be entered in Civil Action No. 04-1380, by separate order.

SIGNED on May 26, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge